UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MARK JOHNSON**      **CASE NO. 6:17-CV-00571**

**VERSUS**      **JUDGE SUMMERHAYS**

**LAWRENCE P FANIEL ET AL**      **MAGISTRATE JUDGE WHITEHURST**

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion For Reconsideration of Granting of Plaintiff's Motion for Leave To Amend Complaint filed by Defendants, Knight Transportation, Inc. and Lawrence Faniel ("Defendants") [Rec. Doc. 62], a Memorandum In Opposition filed by Plaintiff, Mark Johnson [Rec. Doc. 68], ("Cilici") [Rec. Doc. 14], and Defendants' Reply [Rec. Doc. 71]. For the reasons that follow, the Motion for Reconsideration is DENIED.

## FACTS AND PROCEDURAL HISTORY

Plaintiff originally filed suit in State Court in this matter on April 7, 2019. Plaintiff's original Petition names Defendants Knight Transportation, Inc., Lawrence Faniel, and ABC Insurance Company. The Petition generally alleges that on January 31, 2017, Plaintiff was driving a 2012 Dodge Ram 3500 westbound on the Atchafalaya Basin Bridge and, upon seeing a stopped vehicle which had pulled off to the right-hand shoulder on the bridge, brought his vehicle to a complete stop. *R. 1, p. 10, ¶¶ 7-9.* Plaintiff alleges that Defendant Lawrence Faniel, driving an 18

wheeler, 2014 International Tractor trailer, owned by Defendant Knight Transportation, Inc., ran into the rear of Plaintiff's vehicle. *R. 1, pp. 9-10, ¶¶ 4-10*. Plaintiff further alleges that Lawrence Faniel was an employee of Defendant Knight Transportation, Inc. and was in the course and scope of his employment when the accident occurred. *Id.*

On April 25, 2017, Defendants removed this matter to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On June 7, 2017, this Court issued a Scheduling Order setting this matter for trial on September 4, 2018. *R. 9*. The trial was reset on multiple occasion by the Court and upon joint motion of the parties based on Plaintiff's continuing medical treatment. *R. 21, 30, 31*. On June 25, 2019, Plaintiff sought another continuance of the trial date based on his ongoing medical treatment. *R. 40*. This Court granted the continuance over Defendants' objection and reset the trial on March 9, 2020. *R. 41, 43, 44*.

On August 16, 2019, Plaintiff filed a Motion for Leave to Amend Pleadings, which Plaintiff indicated was opposed by Defendants. *R. 47*. A Notice of Motion Setting Without Oral Argument was issued, setting the motion to be taken up by the Court on October 16, 2019. *R. 48*. The Notice set a deadline for Defendants' opposition to be filed within 21 days following the service of the motion. *Id.* No written opposition was filed within the deadline.

On September 23, 2019, Defendants filed an Opposed Motion To Extend Discovery Deadline. *R. 52.* The Court conducted a conference call on October 3, 2019 to discuss Plaintiff's Motion for Leave to Amend and Defendants' Motion to Extend Discovery Deadline as both motions had the potential to disrupt the March 9, 2020 trial date. *R. 57.* After discussion with counsel, the Court granted both motions, but cautioned the parties that the extension of the deadlines may result in the loss of the parties' trial date. *Id.* Plaintiff's Amended Complaint was filed into the record on October 4, 2019. On October 28, 2019, Defendants filed the instant motion, seeking reconsideration of this Court's Order granting Plaintiff motion for leave to file his amended complaint. *R. 62.*

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not formally recognize a motion for reconsideration. Where it seeks to amend an interlocutory order, however, a motion for reconsideration is generally categorized by courts as a motion pursuant to Rule 54(b), which permits a court to revise an order adjudicating fewer than all the claims among the parties "at any time" before the entry of final judgment. *Redford v. KTBS, LLC,* 2016 WL 552960 (W.D. La. 2/10/16), citing *James River Ins. Co. v. Affiliates, Inc.* 2013 WL 1197235 (W.D. La. 03/25/16).

Rule 54(b) contains no standard for evaluating when a court should amend its own judgment. While the absence of a statutory standard gives courts broad

discretion to modify an order pursuant to Rule 54(b), "this broad discretion should be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Id.* quoting *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.,* 921 F.Supp.2d 548, 564-65 (E.D. La. 2013).

Courts also generally limit their decision under Rule 54(b) by applying a less exacting version of the standard used to alter or amend a final judgment under Rule 59(e). See e.g., *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.,* 259 F.Supp. 2d 471, 474-75 (M.D. La. 2002). Altering or amending a judgment pursuant to Rule 59(e) is a disfavored, "extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Indeed, Rule 59(e) permits amendment to the judgment only "to correct manifest errors of law or fact or to [address] newly discovered evidence." *Id.* Further, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.*

In this case, Plaintiff filed a Motion for Leave to Amend his Complaint within the time period allowed for joinder of parties and amendment of pleadings set forth in the Scheduling Order issued by this Court on July 10, 2019. *See R. 44.* Defendant did not file a written opposition to Plaintiff's motion. During the Court's telephone conference to address both the Plaintiff's Motion for Leave to Amend and the Defendants' Motion to Extend Discovery Deadline and the effect that the granting

of such motions would have on the March 2020 trial date, the issue of jurisdiction of the Court was not raised.[1] The only objection to the Motion for Leave to Amend which was noted during the conference was based on the potential for the addition of new defendants to disrupt the trial date. There was no discussion of improper joinder, fraudulent joinder, or the *Hensgens* factors during the conference.

"Federal Rule of Civil Procedure 15(a) governing the amendment of pleadings provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, the "mandate" of Rule 15(a) should be heeded; that leave should be freely given. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 230 (1962). Leave may be denied only in such rare instances as where a motion to amend is colored by undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, or futility of the amendment. *Id; Jamieson v. Shaw,* 77 F.2d 1205, 1208, rehearing denied, 776 F.2d 1048 (5th Cir. 1985).

Any issue regarding undue delay, bad faith, improper joinder, fraudulent joinder or the *Hensgens* factors were not properly briefed and before the Court for consideration in resolving Plaintiff's Motion for Leave to Amend and, therefore, cannot be *reconsidered* at this time. Accordingly, the Defendants' Motion For

---

[1] The Minutes of Telephone Conference indicate that the conference was convened "for the purpose of discussing several deadlines."

Reconsideration of Granting of Plaintiff's Motion for Leave To Amend Complaint [Rec. Doc. 62] is DENIED.[2]

THUS DONE AND SIGNED in Lafayette, Louisiana on January 16, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[2] This Court's ruling is limited to the only motion which is properly before the Court at this time. The Court expresses no opinion as to other issues raised for the first time in the motion, the opposition, or reply. Should the parties wish the Court to consider those issues, proper motions must be filed.