# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| MARK JOHNSON | Civil Action No. 6:17-cv-0571 |
| versus | Judge Robert R. Summerhays |
| LAWRENCE P. FANIEL | Magistrate Judge Carol B. Whitehurst |

## MEMORANDUM RULING AND ORDER

Pending before the undersigned is the Motion to Vacate Order [Doc. 74] filed by defendants Knight Transportation, Inc. and Lawrence P. Faniel ("defendants"), in which defendants request that this Court vacate its October 4, 2019 Order [Doc. 58], in which this Court granted the plaintiff's Motion to Amend Complaint [Doc. 47], which added non-diverse parties to this lawsuit. For the following reasons, the Motion to Vacate is GRANTED, and defendants Latisha Dugas Harmon, the State of Louisiana, and the Louisiana Department of Transportation and Development shall be removed as parties from this lawsuit.

## I.   *Background*

This case arises out of a January 31, 2017 motor vehicle accident. The plaintiff, who was traveling on I-10 over the Atchafalaya Basin, stopped for a stalled, unoccupied vehicle, owned by Latisha Dugas Harmon, and was struck

1

from behind by defendant, Lawrence Patrick Faniel, who was operating a Knight Transportation, Inc.

It is undisputed that the plaintiff was aware of the identity of Ms. Harmon at the time of the filing of this lawsuit. The police report issued at the time of the accident specifically names Ms. Harmon as the owner of the stalled vehicle, and notes that the accident took place on Louisiana Highway 311, which falls under the authority of the Louisiana DOTD. Despite having full knowledge of potential claim against Ms. Harmon and DOTD, when the plaintiff filed suit on April 7, 2017, he alleged only the negligence of Faniel.

More than two years after the filing of the lawsuit, on August 16, 2019, the plaintiff filed a Motion for Leave to Amend Pleadings [Doc. 47] to add new parties. The motion did not state the parties sought to be added were non-diverse. The undersigned conducted a telephone conference on September 23, 2019 to address this motion and another motion filed by the defendants. Although the defendants did not file a written opposition to the motion to amend prior to the conference, they were advised before the conference that they would be given the opportunity to argue their position at the conference before a ruling was made.

During that telephone conference on September 23, 2019, the parties argued their respective positions on both plaintiff and defendants' motions. With regard

to the plaintiff's motion to amend, defense counsel argued that any amendment or addition of parties would jeopardize the March 3, 2020 trial date. While the *Hensgens* factors were not discussed, the effect of adding the proposed defendants was discussed. Plaintiff's counsel assured the Court and defense counsel that he planned to immediately dismiss the proposed defendants and that he was only adding the proposed defendants so they would not be on the verdict form. The undersigned was perplexed about the propriety of adding parties only to dismiss them shortly thereafter, however, plaintiff's counsel was clear that his intention was to add the defendants for strategic purposes and dismiss the newly-added defendants shortly thereafter. Plaintiff's counsel assured the Court that the trial date would not be impacted. At no time during this conference was the fact that the proposed defendants to be added to this litigation were non-diverse. This Court ultimately granted the plaintiff's Motion for Leave to Amend [Doc. 58], and the Amended Petition was filed into the record on October 4, 2019.

On October 28, 2019, defendants timely filed a motion for reconsideration of the order allowing plaintiff to amend his petition [Doc. 62]. This motion was based on the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, (5th Cir. 1987. On January 16, 2020, this Court denied the motion for reconsideration and noted that there had been no discussion of the *Hensgens* factors during the

October 3, 2019 conference call or in the motion to amend [Doc. 72]. This Court noted that the issues of "undue delay, bad faith, improper joinder, fraudulent joinder or the *Hensgens* factors" were only initially raised in the Motion for Reconsideration and, therefore, were not properly before the court. The Court stated that it expressed no opinion on issues raised for the first time in the motion and that for the Court to consider those issues, a separate motion must be filed.

On January 28, 2019, defendants filed the instant Motion to Vacate, setting forth the *Hensgens* factors, and requesting that the Court vacate its October 4, 2019 order allowing plaintiff's amendment. Granting this motion will essentially remove Ms. Harmon, the State of Louisiana, and DOTD from this lawsuit, which is set for trial on March 9, 2020. Plaintiff opposes the motion, arguing that defendants did not initially oppose the motion to amend, but acknowledges that the claims the plaintiff may have against the newly-added defendants are not "strong" and "may be subject to a motion for summary judgment."

## II. *Applicable Legal Standard*

As an initial matter, the Court notes that Rule 54(b) of the Federal Rules of Civil Procedure allows a court to vacate an earlier interlocutory judgment, as follow:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.**
> When an action presents more than one claim for relief--whether as a

> claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. *Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.*

Fed R.Civ.P. 54(b) (emphasis added).

With respect to the issue of amendment of the complaint, the right to amend is not as freely available when a plaintiff seeks to add non-diverse defendants after removal. *See Williams v. Vincent International, Inc*., 192 F.R.D. 544, 548 n. 7 (S.D. Miss.), *Sharp v. Kmart Corp*., 991 F. Supp. 519, 521 (M.D.La.1998). When an amendment will destroy diversity, most authorities agree that the court should deny leave to amend unless strong equities exist in favor of granting leave. *See Hensgens v. Deere Co*., 833 F.2d 1179, 1182 (5th Cir.1987).

In *Hensgens v. Deere & Co.*, 833 F.2d 1179, (5th Cir. 1987), when a party seeks to add a non-diverse party, the Fifth Circuit concluded that the balancing of competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party. Instead, the district court, when confronted with an amendment to add a non-diverse, non-indispensable party, should use its discretion in deciding whether to allow that party to be added.

833 F.2d at 1182, *citing Accord, Desert Empire Bank v. Ins. Co. of North America,* 623 F.2d 1371 (9th Cir.1980); *McIntyre v. Codman & Shurtleff,* 103 F.R.D. 619 (S.D.N.Y.1984); *Grogan v. Babson Brothers Co. of Illinois,* 101 F.R.D. 697 (N.D.N.Y.1984). The Fifth Circuit went on to state that, when faced with an amended pleading naming a new nondiverse defendant in a removed case, the court should scrutinize that amendment more closely than an ordinary amendment.

The *Hensgens* court provided a list of factors to be considered in determining whether to allow the joinder of non-diverse parties: 1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, 2) whether plaintiff has been dilatory in asking for amendment, 3) whether plaintiff will be significantly injured if amendment is not allowed, and 4) any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.

In the instant case, defendants argue that the *Hensgens* factors militate in favor of vacating the order allowing the amendment which added non-diverse parties. With respect to the first two factors -- the extent to which the purpose of the amendment is to defeat federal jurisdiction, and whether plaintiff has been dilatory in asking for amendment – the defendants argue that the courts looking at

these factors consider whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed. Courts have concluded that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knows of a non-diverse defendant's identity suggests that the purpose of the amendment is to destroy diversity. *Neely v. Scottsdale Ins. Co.*, No. CIV.A. 14-0048, 2014 WL 1572441, at *4 (E.D. La. Apr. 17, 2014) (internal citations omitted).

In this case, regardless of the plaintiff's representations, the presumption must be that the plaintiff seeks to destroy diversity as there has been no suggestion that the proposed defendants were unknown to him. Additionally, the plaintiff filed his complaint on April 25, 2017 and did not name the new proposed defendants until more than two years later, on October 4, 2019, after . Again, these proposed defendants have been known to the plaintiff since before the filing of this suit. The police report for the underlying incident on which plaintiff's petition is based specifically names Ms. Harmon as the owner of the stalled vehicle, and notes that that the accident took place on Louisiana Highway 3177, which falls under the authority of the La. DOTD. Considering the foregoing, the first two factors militate in favor of vacating the amendment.

The third factor is whether the plaintiff will be significantly injured if the

amendment is not allowed. Critically, the plaintiff has acknowledged that he has no real claim against the proposed defendants. Indeed, when plaintiff's counsel first mentioned the idea of adding these defendants, he stated that he intended to have them dismissed them from the lawsuit almost immediately. Furthermore, as argued by the defendants, in the course of discovery, plaintiff provided defendants with a supplemental report from his retained accident reconstructionist, Nicholas M. Kasner, P.E. of A&M Forensics and Engineering, Inc. That report, dated August 12, 2019, appears to have been created purely for the purpose of determining that the expert believes that the proposed defendants did not cause the underlying accident. Thus, this factor weighs in favor of vacating the amendment.

Finally, the trial of this matter is scheduled on March 9, 2020. Unless the trial date is continued, there is no real possibility that the parties can be ready for trial if these new defendants remain in the matter.

Accordingly, **IT IS ORDERED** that the Motion to Vacate Order [Doc. 74] filed by defendants Knight Transportation, Inc. and Lawrence P. Faniel is GRANTED, and defendants Latisha Dugas Harmon, the State of Louisiana, and the Louisiana Department of Transportation and Development shall be removed as parties from this lawsuit.

**IT IS FURTHER ORDERED** that the Motion to Remand [Doc. 92] is DENIED as MOOT.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 18th day of February, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE